IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **SHELTER GENERAL INSURANCE COMPANY,** )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>**I AM ONE LOGISTICS, INC. and THE ESTATE OF COLEMAN CRAWFORD,** )<br>)<br>)<br>)<br>    **Defendants.** ) | Case No. 2:17-cv-02354-JPM-tmp<br>Judge Jon Phipps McCalla<br>Magistrate Judge Tu M. Pham |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Comes now, Shelter General Insurance Company ("Shelter"), and hereby amends its Complaint to remove Coleman Crawford as a Defendant, and replace with the Estate of Coleman Crawford, Jr.  Shelter amends its Complaint pursuant to Fed. R. Civ. P. 15 (a)(1)(B), as no responsive pleading has been filed.  For its Amended Complaint, and pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, Shelter hereby alleges the following:

### I. THE PARTIES

1.    Shelter is an insurance company incorporated under the laws of the State of Missouri, with its principal place of business located at 1817 West Broadway, Columbia, Missouri 65218.  Shelter has complied with the laws of the State of Tennessee pertaining to corporations engaged in insurance business therein, and is authorized to transact business in the State of Tennessee.

2.    The defendant, I Am One Logistics, Inc. (hereinafter "IAOL"), may be served at 9705 Highway 57, Rossville, TN 38066.

3.      Defendants, The Estate of Coleman Crawford, Jr., may be served through the Tennessee Secretary of State located at 312 Rosa L. Parks Ave., Nashville, TN 37243.

## II. VENUE AND JURISDICTION

5.      This case is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and the request of Shelter that this Court issue a declaration as to the rights, status, and legal relationships between it and the defendants as established by the Shelter policy, which Shelter issued to IAOL, a Tennessee insured with its principal place of business in Rossville, Tennessee. Accordingly, venue is proper in this Court and in this Division pursuant to 28 U.S.C. §§ 1391 and 123.

6.      Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. § 1332, and the amount in controversy exceeds the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs.

7.      An actual controversy exists between Shelter and IAOL within the meaning of 28 U.S.C. § 2201, and this Honorable Court is vested with the power in the instant case to declare and adjudicate the rights and legal relationships of Shelter and IAOL with respect to the issues raised herein.

## III. FACTS

8.      The instant factual issues arise out of an underlying lawsuit originally filed by Coleman Crawford against Shelter's insured, IAOL in the Circuit Court of Shelby County for the Thirteenth District at Memphis, Docket Number CT-004702-15 (the "Circuit Court Complaint")(Exhibit 1).

9.      The Circuit Court Complaint alleged that, on or about June 28, 2015,

underlying plaintiff Crawford was driving a 2009 Ford XST vehicle southbound on interstate 240 in Memphis, Tennessee.

10. The Circuit Court Complaint alleged underlying defendant, John Doe, was driving a Volvo semi-truck with an attached white trailer, also travelling southbound on Interstate 240 in Memphis, Tennessee.

11. The Circuit Court Complaint alleged the Volvo semi-truck was owned and operated by defendant IAOL, and that underlying defendant John Doe was operating the vehicle as an employee/agent of IAOL.

12. The Circuit Court Complaint alleged the Volvo semi-truck collided into Crawford's vehicle, causing it to strike the guardrail, and then collide with the "center dividing wall, causing the vehicle to spin multiple times."

13. The Circuit Court Complaint alleged the Volvo semi-truck bared the license plate number U398644 as well as "I am One, Inc. identifiers."

14. As the Circuit Court Complaint alleged, the Volvo semi-truck identified in the complaint was indeed registered to defendant IAOL at the time of the incident.

15. Shelter issued the policy 41-1-C-8948078-11 for the policy period beginning June 30, 2015 for the Volvo in question. A true and exact copy of the policy is attached hereto as Exhibit 2, and is hereafter referred to as "the Volvo policy."

16. The alleged accident occurred prior to June 30, 2015, and thus, this policy was not yet in effect at the time of the accident and affords no coverage for any damage arising thereof.

17. Shelter issued policy 41-1-C-8948078-6 to IAOL for the policy period beginning May 28, 2015 covering a 2000 Freightliner. This policy pre-existed the

accident, but also does not apply.  A true and exact copy of the policy is attached hereto as Exhibit 3, and is hereafter referred to as "the Freightliner policy."

18. The policies only provided liability coverage only in accordance with the policy terms, conditions, definitions, and exclusions.

19. Following the filing of the Circuit Court Complaint, Shelter initially disclaimed coverage with respect to the Volvo semi-truck in question, but then agreed to undertake IAOL's defense under a full Reservation of Rights.

20. Shelter instituted this declaratory judgment action to resolve the contested coverage issues herein involved.  There is, consequently, a justiciable controversy between the parties.

21. A Suggestion of Death and Substitution of Parties was filed on June 15, 2017 in the Shelby County Circuit Court, attached herein as Exhibit 4, indicating the death of Coleman Crawford. The Estate of Coleman Crawford, Jr. has been joined in this suit pursuant to Fed. R. Civ. P. 57, as it may have an interest impacted by the declaration to be issued by this Court.

## IV.  **DECLARATORY RELIEF SOUGHT**

22. Shelter avers defendant, IAOL, is not entitled to coverage for the claims of damage made against it filed by or on behalf of The Estate of Coleman Crawford in the Circuit Court for Shelby County, at Memphis, Tennessee.

23. Shelter issued the Volvo policy for the Volvo in question, but the Volvo policy was not issued until after the alleged accident, and provides no coverage for the events which occurred prior to the policy's effective date.

24. With regard to Defendant IAOL's Freightliner policy, IAOL is not entitled to

coverage with regard to the Volvo semi-truck accident due to IAOL's failure to provide notice of its intention to procure auto insurance within 30 days of acquisition of the vehicle, as provided by the policy.

25. The policy's Motor Carrier Coverage Form provided:

### SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

***

**67.** Only those "autos" described in Item Three of the Declaration for which a premium charge is shown(and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

**B.    Owned Autos You Acquire After the Policy Begins**
1. If symbols 61, 62, 63, 64, 65, 66, or 79 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.
2. But, if **symbol 67** is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:
   a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and
   b. You **tell us within 30 days** after you acquire it that you want us to cover it for that coverage.

### SECTION II – COVERED AUTOS LIABILITY COVERAGE

**A.    Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by and "accident" and resulting from the ownership, maintenance or use of a covered "auto". We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or used of covered "autos". However, we will only pat for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident". We will have the right and duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

26. The Freightliner policy declarations provided symbol "67" with respect to Bodily Injury and Property Damage coverage. The Freightliner policy Declarations did not include a Volvo semi-truck. The Freightliner policy provided coverage only for a 2000 Freightliner Semi-Tractor.

27. IAOL was required to notify Shelter of its intention to insure an acquired auto within 30 days of acquisition pursuant to policy Section I(B)(2)(b).

28. IAOL failed to notify Shelter of any intention to insure the Volvo semi-truck within 30 days of acquisition of the Volvo semi-truck.

29. Shelter avers and alleges the claims against IAOL are not covered under Shelter's insurance contract because the Volvo semi-truck is not a "Covered Auto" under the Freightliner policy.

30. Shelter, therefore, avers and alleges the claimant damages asserted in the complaint originally filed by Coleman Crawford in the Circuit Court for Shelby County, at Memphis, Tennessee are not covered under the policy of insurance. Since the claims and damages sought are not covered by the policy, Shelter has no duty to defend or indemnify IAOL for any damages asserted therein.

31. Shelter further relies upon all the provisions, terms, conditions, and exclusions of the policy in this Amended Complaint for Declaratory Judgment and avers under the policy, no coverage is afforded to IAOL for any claims or damages sought in the underlying complaint.

32. Consequently, Shelter requests a declaration from this Honorable Court that the policies of insurance issued to IAOL provide no coverage for any claim in the Circuit Court Complaint, and Shelter is not required to defend IAOL in the matter pending in the Circuit Court for Shelby County, at Memphis, Tennessee.

**WHEREFORE**, the Plaintiff, Shelter General Insurance Company, prays as follows:

1. That defendants I Am One Logistics, Inc and The Estate of Coleman Crawford, Jr. be required to appear and answer herein;

2. That this Court adjudicate and declare the policy of insurance issued to I Am One Logistics provides no coverage to I Am One Logistics for the claims of underlying plaintiff, The Estate of Coleman Crawford, referenced in the suit filed in the Circuit Court for Shelby County, at Memphis, Tennessee, case no. CT-004702-15.

3. That this Court adjudicate and declare Shelter has no duty to defend or indemnify I Am One Logistics, Inc. in the action filed by The Estate of Coleman

Crawford in the Circuit Court for Shelby County, at Memphis, Tennessee, case no. CT-004702-15.

    4.    That this Court adjudicate and declare that Shelter may withdraw its defense of I Am One Logistics.

5.    For such further legal and equitable relief as this Court deems just and proper.

                      Respectfully submitted,

                      _s/ E. Jason Ferrell_
                      **E. JASON FERRELL**
                      Registration No. 24425
                      Attorney for Plaintiff, Shelter General Insurance Company

                      **BREWER, KRAUSE, BROOKS & CHASTAIN, PLLC**
                      545 Mainstream Drive, Suite 101
                      Nashville, TN  37228
                      DIRECT:  (615) 630-7716
                      (615) 256-8787, Ext. 116
                      jferrell@bkblaw.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of August, 2017, a true and correct copy of the foregoing Amended Complaint was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.